# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE       )
                               )
                               )    **I.D. No. 1505004033**

v.                         )
                               )

**ROBERT E. BOYKIN,**       )
                               )

     **Defendant.**        )

Submitted: January 23, 2017
Decided: January 30, 2017

Upon Defendant's Motion for Postconviction Relief,
**DENIED.**

Upon Counsel's Motion to Withdraw as Counsel,
**GRANTED.**

## ORDER

Barzilai Axelrod, Esquire, Deputy Attorney General, Department of Justice, 820 North French Street, Wilmington, Delaware 19801, Attorney for the State.

John F. Kirk, IV, Gonser and Gonser, P.A., 3411 Silverside Road, Suite 203, Wilmington, Delaware 19810, Attorney for Defendant Robert E. Boykin.

Robert E. Boykin, P.O. Box 9561, Wilmington, Delaware 19809

**WHARTON, J.**

This 30th day of January, 2017, upon consideration of Defendant Robert E. Boykin's ("Boykin") timely *pro se* Motion for Postconviction Relief ("PCR Motion"),[1] Motion to Withdraw as Counsel of John F. Kirk, IV, Esquire,[2] Boykin's response,[3] and the record in this matter, it appears to the Court that:

1. Boykin was indicted by the Grand Jury on the charges of Drug Dealing (Count I), Illegal Possession of a Controlled Substance (Count II), Possession of Drug Paraphernalia (Count III), and Driving a Vehicle while License is Suspended or Revoked (Count IV). On November 9, 2015, he entered guilty pleas to the charges of Drug Dealing (Count I) and Illegal Possession of a Controlled Substance with an Aggravating Factor (Count II.) On December 18, 2015 Boykin was sentenced to six years and six months at Level 5 on the Drug Dealing charge as a habitual offender under 11 *Del. C.* § 4214(a). On the Illegal Possession of a Controlled Substance with an Aggravating Factor charge he was sentenced to one year at Level 5 suspended for one year at Level 3. On July 14, 2016, Boykin moved for postconviction relief and requested the appointment of counsel.[4] On August 22, 2016, the Court granted Boykin's request and directed the Office of Conflict Counsel to appoint counsel for him.[5] On December 6, 2016, John F. Kirk, IV, Esquire was appointed to represent Boykin.[6] On December 27,

---

[1] D.I. 26.
[2] D.I. 38.
[3] D.I. 39.
[4] D.I. 26, 27.
[5] D.I. 30.
[6] D.I. 36.

2016, Mr. Kirk, after reviewing the record and the applicable law, and concluding that Boykin's postconviction claims are wholly without merit and that no other substantial grounds for relief were available to him, moved to withdraw as counsel.[7] On January 23, 2017, Boykin submitted his response to counsel's motion to withdraw.[8]

2. In his PCR Motion, Boykin raises two issues: 1) ineffective assistance of counsel; and 2) prosecutorial misconduct.[9] He alleges that his attorney was ineffective because his attorney did not file a suppression motion; a motion which Boykin claims likely would have been successful.[10] At issue was whether the officer who arrested Boykin actually saw him throw a bag containing cocaine out of his car window, the significance of the fact that the officer's dashboard video did not show Boykin doing that, and the ramifications of some unknown officer allegedly lying that the video did show Boykin throwing cocaine out of his car window.[11] He further claims he would not have pled guilty if his attorney had properly advised him concerning the absence of video evidence showing him committing the crime and had filed a suppression motion.[12] The prosecutorial misconduct claim alleges that the State had a duty to dismiss the charges against him

---

[7] D.I. 38.
[8] D.I. 39.
[9] D.I. 26.
[10] *Id.*
[11] *Id.*
[12] *Id.*

3

because the case against him was based on the "lie" that his actions were captured on video.[13]

3.     Before addressing the merits of a defendant's motion for postconviction relief, the Court must first apply the procedural bars of Superior Court Criminal Rule 61(i).[14] If a procedural bar exists, then the Court will not consider the merits of the postconviction claim.[15]

4.     Under Delaware Superior Court Rules of Criminal Procedure, a motion for post-conviction relief can be barred for time limitations, repetitive motions, procedural defaults, and former adjudications. A motion exceeds time limitations if it is filed more than one year after the conviction becomes final or if it asserts a newly recognized, retroactively applied right more than one year after it was first recognized.[16] A motion is considered repetitive and therefore barred if it asserts any ground for relief "not asserted in a prior post-conviction proceeding."[17] Repetitive motions are only considered if it is "warranted in the interest of justice."[18] Grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred as procedurally defaulted unless the movant can show "cause for relief" and "prejudice from [the] violation."[19] Grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in

[13] *Id.*
[14] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[15] *Id.*
[16] Super. Ct. Crim. R. 61(i)(1).
[17] Super. Ct. Crim. R. 61(i)(2).
[18] *Id.*
[19] Super. Ct. Crim. R. 61(i)(3).

a post-conviction proceeding, or in a federal habeas corpus hearing" are barred.[20] Former adjudications are only reconsidered if "warranted in the interest of justice."[21]

4. This PCR Motion is a timely first motion for postconviction relief, alleging ineffective assistance of counsel. Accordingly, the Court will consider the motion on its merits.

5. To successfully bring an ineffective assistance of counsel claim, a claimant must demonstrate: (1) that counsel's performance was deficient; and (2) that the deficiencies prejudiced the claimant by depriving him or her of a fair trial with reliable results.[22] To prove counsel's deficiency, a defendant must show that counsel's representation fell below an objective standard of reasonableness.[23] Moreover, a defendant must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal.[24] "[A] court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[25] A successful Sixth Amendment claim of ineffective assistance of counsel requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[26] When addressing the prejudice prong of the ineffective assistance of counsel test in the context of a challenged guilty plea, an inmate must show "that

---

[20] Super. Ct. Crim. R. 61(i)(4).
[21] *Id.*
[22] *Strickland v. Washington*, 466 U.S. 668, 688 (1984).
[23] *Id.* at 667-68.
[24] *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996).
[25] *Strickland*, 446 U.S. at 689.
[26] *Id.* at 694.

5

there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[27] An inmate must satisfy the proof requirements of both prongs to succeed on an ineffective assistance of counsel claim. Failure to do so on either prong will doom the claim and the Court need not address the other.[28] Boykin cannot demonstrate that counsel's performance was deficient or that he would have insisted on going to trial.

6. Boykin claims that Det. Pluta, one of the arresting officers, told him that another unknown officer checked the "dash cam" and saw him throwing something out of the car window just before he was stopped.[29] Boykin further states that another unknown officer testified at his preliminary hearing that an unknown officer viewed the "dash cam" which showed Boykin throwing something out of the passenger window of his car.[30] Officers found a bag containing 3.5 grams of cocaine at that location.[31] Ultimately, prior to Boykin entering his plea, his attorney told him that the "dash cam" did not show him throwing anything out of the

[27] *Albury v. State,* 551 A.2d 53, 59 (Del. 1988) (citing *Hill v. Lockhart,* 474 U.S. 52, 58 (1985)); *Sartin v. State,* 2014 WL 5392047, at *2 (Del. Oct. 21, 2014); *State v. Hackett,* 2005 WL 30609076, at *3 (Del. Super. Ct. Nov. 15, 2005).

[28] *Strickland,* 466 U.S. at 697; *Ploof v. State,* 75 A.3d 811, 825 (Del. 2013) ( "*Strickland* is a two-pronged test, and there is no need to examine whether an attorney performed deficiently if the deficiency did not prejudice the defendant.").

[29] D.I. 26.

[30] *Id.*

[31] *Id.*

window.[32]  Nevertheless, Boykin accepted the State's plea offer and admitted his guilt.[33]

7.  Boykin claims that he entered his plea because his attorney told him that, despite the fact that the video did not show him throwing drugs out of the car, he could still be convicted based on other evidence.[34]  Boykin further claims that had his attorney filed a suppression motion, as an effective lawyer should have done in Boykin's view,

> everything that was a result of arrest most likely would of [sic] been dismissed because the 'dash cam' video clearly shows that Boykin did not throw anything out of the car. Thus officer (unknown) lieing [sic] and the Grand Jury being lied to should and would of [sic] been dismissed but for counsel's ineffective assistance to Boykin.[35]

8.  Nearly everything Boykin claims here either is factually or legally wrong. First, his attorney was correct to tell him that, notwithstanding the absence of incriminating video evidence, Boykin could nonetheless be found guilty.  As Mr. Kirk notes in his motion to withdraw, Boykin's car was out of view of the video recorder in the police car after Boykin made a turn, but before the police car made the same turn, and the location where the drugs were found correlates with the location of Boykin's car while it was out of view.[36]  Obviously, the absence of affirmative proof of Boykin's guilt is not the equivalent of affirmative proof of his

---

[32] *Id.*
[33] D.I. 14.
[34] *Id.*
[35] *Id.*
[36] D.I. 38 at 5.

7

innocence. Accordingly, *contra* Boykin, Boykin's attorney would have been ineffective had he *not* told Boykin he risked conviction based on the other evidence in the case, the extent of which is detailed in the probable cause affidavit of Det. Thomas Bruhn of the New Castle County Police Department, and which, in the Court's view, is substantial.[37]

9. Next, Boykin claims that his attorney was ineffective for failing to file a suppression motion; a motion Boykin insists almost certainly would have been successful. Apparently, the basis for such a motion is Boykin's claim that some unknown police officer lied about the "dash cam" video showing him throw the drugs out of his car window. Boykin never identifies the actual officer who purportedly viewed the video and claimed to have seen him throw out the drugs. Even assuming such a thing happened, the Court perceives no basis to move to suppress the actual observations of the arresting officers. At most, if one of the arresting officers or some other testifying officer had been the officer who falsely claimed that the video showed Boykin throwing drugs out of his car, that officer would have been subject to cross-examination. The jury then would have assessed the significance of any such falsehood on the State's ability to prove Boykin's guilt beyond a reasonable doubt.

10. Boykin further claims that an unknown officer lied to the Grand Jury, which should have resulted in the indictment being dismissed. This claim fails

---

[37] *See* Adult Complaint and Warrant, *State of Delaware v. Robert E. Boykin,* ID No. 15050040033, at Exhibit B.

because there is simply no evidence that what Boykin claims is true. Furthermore, since proceedings before the Grand Jury are not recorded, there can never be any evidence to support Boykin's claim.

11. Therefore, because: 1) Boykin's attorney was not ineffective in advising him that he risked being convicted on other evidence; 2) there was no legal basis for Boykin's attorney to move to suppress the testimony of the arresting officers, or any other officers in the case, or to move to suppress any evidence; and 3) there is no evidence that perjured testimony was presented to the Grand Jury, Boykin has failed to meet *Strickland's* performance prong. For that reason alone his ineffective assistance of counsel claim fails.

12. Boykin fails to meet the *Strickland's* prejudice prong as well, most obviously because there was no performance deficiency by Boykin's attorney. There can be no prejudice to Boykin as a result of counsel's unprofessional errors if there were no unprofessional errors in the first place. Moreover, there is no question, after a review of the plea colloquy, Plea Agreement and Truth in Sentencing Guilty Plea Form, that Boykin entered his guilty pleas freely, voluntarily, and intelligently with a full understanding of the consequences.[38] It is worth noting that Boykin had been declared a habitual offender previously and faced a possible sentence of life without parole as a second time habitual offender under

---

[38] D.I. 14.

9

11 *Del. C.* § 4214(a).[39] The risk of Boykin receiving that sentence was mitigated by an agreement between the State and Boykin jointly to recommend a sentence of six and a half years imprisonment.[40] It is further worth noting that the State agreed not to pursue sentencing under the mandatory life without parole provision of 11 *Del. C.* § 4214(b), despite Boykin acknowledging that he was eligible to be sentenced under that provision.[41] Under these circumstances, it is difficult to believe that Boykin would have elected to go to trial.

13. Boykin's second claim of prosecutorial misconduct also is without merit since it is predicated upon his failed claim of ineffective assistance of counsel.

14. The Court has reviewed the record carefully and has concluded that Boykin's PCR Motion is wholly without merit and the record is devoid of any other substantial ground for relief.

**NOW, THEREFORE,** the Defendant's Motion for Postconviction Relief is **DENIED.** The Motion to Withdraw as Counsel of John F. Kirk, Esquire is **GRANTED.**

  **IT IS SO ORDERED.**

---

Ferris W. Wharton, J.

oc:  Prothonotary
cc:  Ross A. Flockerzie, Esquire
     Investigative Services

---

[39] *Id.*
[40] *Id.*
[41] *Id.*

10